## BLACKWELL v. ROSEBERRY et al.
### No. 1336.

Court of Appeal of Louisiana. First Circuit.

May 8, 1934.

Thompson & Ferguson, of Leesville, for appellant.

Woosley & Cavanaugh, of Leesville, for appellee.

MOUTON, Judge.

Plaintiff applied to C. W. Roseberry, local agent of the New York Insurance Company, for a life insurance policy, for which he alleges, that he paid $463.60, that he never accepted the policy, and brings this suit to recover that amount with legal interest from C. W. Roseberry and the New York Insurance Company, in solido.

Judgment was rendered for plaintiff for the amount claimed, from which the New York Insurance Company prosecutes this appeal.

It is shown that on December 29 or 30, 1929, plaintiff gave Roseberry, agent of the New York Insurance Company, $463.60 for an annual premium policy, which sum was subsequently collected by the agent for defendant. It is claimed by Roseberry, agent, that this policy was subsequently changed, at the request of plaintiff, to a semiannual policy.

Plaintiff is positive in his testimony that he never gave his consent to such a change or substitution for the original policy for which he had given his check, and that Roseberry had promised to refund him the money he had paid.

Walter Blackwell, son of the plaintiff, testifies that he called at the request of plaintiff, his father, on Mr. Roseberry in reference to the policy; Mr. Roseberry told him if he could not fix matters up he would refund the money to plaintiff. At this visit, his testimony is that he saw the year or annual policy, evidently the one first issued and which Roseberry said had been changed to a semiannual under the instructions of the plaintiff.

Mr. Willie White, apparently a disinterested witness, says he visited Mr. Roseberry in company with plaintiff, at Leesville, March 26th, 27th, at Roseberry's office. He testifies that Roseberry exhibited the policy dated March 22d, and which, as we gather from the record, is the one, a semiannual policy, defendant company contends was issued as an amendment, modification, or substitution for the original policy.

The testimony of Mr. White is that plaintiff refused to accept this policy, stating that he was entitled to a reimbursement of his money.

The preponderance of the evidence of these three witnesses shows that plaintiff did not consent to a change in the policy for which he had applied, as contended for by Mr. Roseberry, agent. There is no other testimony in the record, other facts or circumstances, to support the testimony of Mr. Roseberry on this, the vital issue in the case, as against the testimony of the witnesses, to which we have hereinabove referred and which must therefore prevail.

The general rule is that, when a policy varies in any way from the terms proposed in the preliminary negotiations, it becomes in its turn a mere counter proposition "and, to constitute a binding contract must be accepted by the applicant." Cooley's Briefs on Insurance (2d Ed.) vol. 1, p. 673, "Necessity of Acceptance"; Mutual Life Ins. Co. v. Young, 23 Wall. 85, 23 L. Ed. 152; Cooley's Briefs on Insurance (2d Ed.) vol. 1, p. 674.

A contract of assurance, although aleatory, depends for its validity or binding effect on the mutual consent of the contracting parties. Alliance Marine Assur. Co. v. Louisiana State Ins. Co., 8 La. 1, 28 Am. Dec. 117.

It is clear, from the foregoing principle of law, that, as plaintiff did not consent to a change in the contract and never accepted the amended or substituted second policy, he incurred no obligations thereunder to which the $463.60 collected by defendant insurance company could be legally applied.

Counsel for defendant company refer to the rule of law which says that an attorney can-

{}

not exceed the limits of his procuration and whatever he does beyond the power with which he is vested is void with regard to his principal, unless ratified.

This rule has often been recognized by our courts, in many decisions cited by counsel for defendant in their brief. The solution of the issue presented does not, however, depend on the application of that rule. Here the policy was sent by defendant insurance company, but, as plaintiff did not authorize the change invoked by defendant and never accepted the policy, he was entitled to a refund of the money paid by him to defendant company, with legal interest, as was held below.

Judgment affirmed.